330 So.2d 747 (1976)
David REAVES, Appellant (Plaintiff),
v.
J. D. HEMBREE et al., Appellees (Defendants).
No. W-371.
District Court of Appeal of Florida, First District.
March 26, 1976.
Rehearings Denied May 14, 1976.
*748 Barry D. Graves of Jones & Ritch, Gainesville, for appellant.
Stephen B. Lewallen, Robert B. Cates of Hodgkinson & Cates, C. Valentine Bates of Jones, Bates & DeCarlis, and Leonard Ireland, Gainesville, for appellees.
MILLS, Judge.
Reaves seeks reversal of an adverse final judgment entered by the trial court following a nonjury trial of a suit to impose a constructive trust on real property.
The basic issue before us is whether the trial court erred by failing to impose a constructive trust on the property.
Reaves, Wade Hembree, and J.D. Hembree entered into a contract to buy certain real property on which to construct and operate an apartment complex. Under a verbal agreement, Reaves and the Hembrees were to share equally in the undertaking. Reaves was to provide architectural services, Wade Hembree was to provide construction services, and J.D. Hembree was to obtain financing for the project.
Because they were unable to obtain financing, it was necessary to take Hembree National Corporation into the venture. It was to obtain financing and to do this it was necessary to agree that title to the property be placed in the name of Hembree National. It was verbally agreed that Hembree National would have a one-half interest in the project, and Reaves, Wade Hembree, and J.D. Hembree would have a one-sixth interest each. On completion of the project, Hembree National was to reconvey a one-sixth interest in the property to each of the three individual members of the venture.
Hembree National took legal title to the property and executed a $65,000.00 purchase money mortgage to the grantors. It obtained a $1,100,000.00 construction loan from Commonwealth Corporation and a permanent commitment from Metropolitan Life Insurance Company to purchase the construction loan upon completion of the project.
During the course of the construction, financial problems were encountered. It appeared that foreclosure might become necessary. Interim financing of an additional $195,000.00 was necessary. During this period, the relationship between the joint venture became strained, and efforts were made to sell the project without success.
Shortly after the complex was completed, Metropolitan took the first mortgage as agreed, and Commonwealth took a second mortgage. Several weeks later, without the knowledge or consent of Reaves, Hembree National sold or traded the complex to Ro-An Development Corporation at a *749 purported loss to it of several hundred thousand dollars.
Hembree National and Ro-An had some of the same directors and employers. At a meeting of the directors of Hembree National Corporation, held at J.D. Hembree's home, attended by Roberts, a director who was also president of Ro-An, the complex was conveyed to Ro-An. At this meeting J.D. Hembree informed all present that Reaves claimed an interest in the complex.
The trial court found that there was a joint venture between Reaves, Wade Hembree, J.D. Hembree, and Hembree National. However, because of a cost overrun, there being no unjust enrichment as a result of fraud, undue influence, abuse of confidence, or mistake, the court refused to impose a constructive trust.
There is a fiduciary relationship between joint venturers. They owe each other the utmost good faith, fairness, and honesty. This is especially true of the venturer who is entrusted with the control of the property of the venture. Donahue v. Davis, 68 So.2d 163 (Fla. 1953).
Generally a coventurer has no right to dispose of the property of the venture to a third party without the consent of the other coventurers. Accordingly, a purchaser of the property of the venture from a joint venturer, with knowledge of the right and title of the other venturers or with knowledge of facts sufficient to put him on inquiry of the rights of the other venturers, takes the property subject to these rights. 46 Am.Jur.2d 79.
A constructive trust is raised where property, though acquired without fraud, ought not to be retained by him who holds it. Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927).
There was a joint venture between Reaves, the two Hembrees, and Hembree National. Hembree National, to whom the property of the venture was entrusted, owed the three individual venturers the utmost good faith, fairness, and honesty. A fiduciary relationship existed between the venturers.
Hembree National had no right to dispose of the property of the venture without the consent of Reaves. Ro-An took the venture property from Hembree National with knowledge of facts sufficient to put it on inquiry of the rights of Reaves, in fact, had actual knowledge of Reaves' interest. Therefore, Ro-An took the property subject to Reaves' one-sixth interest.
Hembree National, a fiduciary, abused the confidence of Reaves and wrongfully converted the property of the venture by disposing of it to Ro-An when it should have conveyed a one-sixth interest to Reaves. Because Ro-An, the transferee of the property, was not a bona fide purchaser for value, it holds Reaves' one-sixth of the property as a constructive trust.
The trial court erred. We reverse and remand with directions to set aside the judgment for appellees and to enter a judgment for appellant consistent with this opinion.
BOYER, C.J., and MELVIN, WOODROW M., Associate Judge, concur.

PETITION FOR REHEARING DENIED
MILLS, Judge.
In its petition for rehearing, Hembree National notes that certain facts recited in the opinion of this Court were incorrect. Although changing these facts will not affect the decision, for the sake of accuracy the following corrections are made:
1. Interim financing of $350,000 was obtained to complete the construction. The $195,000 financing mentioned in the opinion was a third mortgage on the property executed shortly before Ro-An bought the project.
*750 2. The meeting of the board of directors, at which those present were informed of Reaves' interest in the project, was not held at J.D. Hembree's home as mentioned in the opinion, but rather at a country club in Titusville. The sale of the project and execution of the deed were held at a later date at J.D. Hembree's home.
BOYER, C.J., and MELVIN, WOODROW M., Associate Judge, concur.