427 So.2d 386 (1983)
John H. GOSSETT D/B/a John H. Gossett Construction Company, Appellant,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation, and the City of Hallandale, a Municipal Corporation of the State of Florida for the Use and Benefit of George E. Massey, et al., Appellees.
No. 81-1493.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
*387 Ronald P. Gossett of Hodges, Gossett, McDonald & Gossett, P.A., Hollywood, for appellant.
Jerrold A. Coff of Britton, Cohen, Kaufman, Benson & Schantz and Anthony Brimo, Fort Lauderdale, for appellee Joseph V. Allen.
OWEN, WILLIAM C., Jr., Associate Judge.
Appellant Gossett and one Joseph Allen were engaged in a joint venture as the general contractor on a public works project. Massey, a subcontractor, sued Gossett and the joint venture, which suit was settled by entry of a consent judgment against all defendants. Allen paid Massey the amount of the judgment, but instead of having the judgment satisfied, Allen took an assignment. Subsequently, he sought to enforce the judgment against Gossett. The latter appeals from denial of his motion to quash the assignment. The issue here is whether one joint venturer may hold and enforce a judgment against the other joint venturer and the joint venture itself, when the judgment arises out of the performance of the business of the joint venture and not out of any accounting between the joint venturers.
Joint venturers owe to one another, so long as the relationship continues, a duty of the finest and highest loyalty. Donahue v. Davis, 68 So.2d 163 (Fla. 1963). There is a fiduciary relationship between joint venturers requiring that they deal with each other in utmost good faith, fairness and honesty. Reaves v. Hembree, 330 So.2d 747 (Fla. 1st DCA 1976). The duty to share in any losses which may be sustained means that each joint venturer must be responsible or liable for losses created by the venture and any liability to creditors or third parties. Phillips v. United States Fidelity & Guaranty Co., 155 So.2d 415 (Fla. 2d DCA 1963).
When Allen paid to Massey the amount of the latter's judgment, such payment should have been deemed payment on behalf of the joint venture, and consequently, the judgment should have been satisfied. If the amount which Allen paid was in excess of his pro rata share of the liability or loss, he would be entitled to recoupment at such time as an accounting was had between the joint venturers. The trial court, while apparently fully cognizant of the foregoing principles, erroneously concluded that a certain written agreement *388 between the parties dated May 9, 1974 substantially altered their fiduciary relationship. This latter agreement simply recognized that out of certain funds due the joint venture, Allen was entitled to first priority for reimbursement of the amount paid on the judgment. This agreement, which established rights under an accounting at such time as one is had,[1] did not alter the fiduciary relationship between the parties, nor lessen in any manner the degree of loyalty which each owed to the other.
The order denying the motion to quash the assignment of the judgment is reversed.
REVERSED.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] The record reflects that an accounting has not been had nor has either party sought one.