471 So.2d 570 (1985)
N.E. AT WEST PALM BEACH, INC., a Florida Corporation, Appellant,
v.
Arthur HOROWITZ, Individually and As Director and Trustee of West Restaurant Corporation, a Dissolved Florida Corporation, West Restaurant Corporation, a Dissolved Florida Corporation, and 1444 Restaurant Corporation, a Florida Corporation, Jointly and Severally, Appellees.
No. 84-1793.
District Court of Appeal of Florida, Third District.
June 4, 1985.
Rehearing Denied July 10, 1985.
Bender, Bender & Chandler and James Chandler, Coral Gables, for appellant.
Joe N. Unger; Smith & Mandler, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Plaintiff/appellant, occupier of business premises under a sublease, alleged in a complaint that the defendant-sublessor, with whom he has a fiduciary relationship, assigned the major lease pursuant to a provision in the agreement (paragraph 30(e)) which gave the assignee the right to terminate the sublease. According to the sublease, if it were terminated pursuant to that provision, plaintiff, if in good standing, would be entitled to compensation based on a percentage of the gross sales price of the premises under the major lease. It was further alleged that the new assignee terminated the sublease pursuant to paragraph 30(e) and forced plaintiff to move to less desirable space under a new sublease agreement without compensation. The loss under count two of the complaint was allegedly attributable to the sublessor's breach of a fiduciary duty to inform plaintiff of the fact and terms of the major lease assignment, which information would have affected plaintiff's negotiations with the assignee as to the new sublease.
The purpose of a motion to dismiss is to ascertain whether a plaintiff has alleged a good cause of action and the court must confine itself strictly to the four *571 corners of the complaint. It is inappropriate to consider defendants' affirmative defenses, or the sufficiency of the evidence which the plaintiff is likely to produce. Parkway General Hospital, Inc. v. Allstate Insurance Co., 393 So.2d 1171 (Fla. 3d DCA 1981). Looking strictly to the four corners of the complaint it cannot be said that a cause of action is not stated against the defendants. Nottage v. American Express Co., 452 So.2d 1066 (Fla. 3d DCA 1984).
Reversed and remanded.

ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
In clarification of the opinion filed herein dated June 4, 1985, we hold that the complaint should not have been dismissed because a cause of action was stated in both count I based on breach of a sublease agreement, and count II which alleges breach of fiduciary duty. The motion for rehearing is denied.