531 So.2d 992 (1988)
Gustavo DE RIBEAUX, Appellant,
v.
Andy DEL VALLE, Appellee.
No. 88-23.
District Court of Appeal of Florida, Third District.
September 13, 1988.
Rehearing Denied October 18, 1988.
*993 Valdes-Fauli, Cobb & Petrey, P.A., and Jill Nexon and Margarita Barreto Tercilla, Miami, for appellant.
Jeffrey C. Roth, Coral Gables, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Gustavo De Ribeaux appeals from a final order of the trial court granting Andy Del Valle's motion to dismiss with prejudice De Ribeaux's second amended complaint. We reverse the order of dismissal.
According to the allegations of the complaint, which must be taken as true, Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983), De Ribeaux, Del Valle, and other individuals not party to this action entered into an oral agreement in August, 1986. The parties agreed to pool their resources in a real estate sales enterprise involving the sale of recreational vehicle parks. The agreement provided for equal interest in the business and joint control of the finances, marketing strategy, and operation of the enterprise. The parties agreed to share equally profits and losses. Pursuant to the agreement, the parties rented office space, opened a joint bank account, and hired an employee. The enterprise operated for six months during which time Del Valle brokered the sale of a recreational vehicle park. Del Valle earned a commission on the sale but told De Ribeaux that the sales contract had not been executed. Based on that misrepresentation, De Ribeaux was induced by Del Valle to terminate the oral agreement. Del Valle thereafter refused to share the sales commission.
De Ribeaux brought an action against Del Valle seeking damages for breach of contract (Count I), breach of fiduciary duty (Count II), fraud (Count III), and demanding an accounting (Count IV). Del Valle filed a motion to dismiss, alleging failure to state a cause of action on all counts and raising the affirmative defense of statute of frauds. Following a hearing, the trial court granted the motion with prejudice.
"When reviewing an order for involuntary dismissal, the test to be applied is whether the complaint, construed in the light most favorable to the plaintiff, is sufficient to constitute a valid claim." Midflorida Schools Fed'l Credit Union v. Fansler, 404 So.2d 1178, 1180 (Fla.2d DCA 1981). The trial court must confine itself to the four corners of the complaint in making its determination. N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla.3d DCA 1985). It is inappropriate to weigh the sufficiency of the plaintiff's evidence or to consider the merits of the defendant's affirmative defenses. Id. at 571.
Taken as true, the facts as pled in Count I show the necessary elements of a joint venture relationship and are sufficient to support De Ribeaux's breach of contract action based on a joint venture theory. See Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla.3d DCA 1974) (joint venture requires community of interest in performance of common purpose, joint control, joint proprietary interest, right to share profits, and duty to share losses), cert. denied, 327 So.2d 32 (Fla. 1976). Joint venture agreements are not required to be in writing. McKissick v. Bilger, 480 So.2d 211 (Fla. 1st DCA 1985). Where the agreement has no fixed time for performance and nothing in its term indicates that performance could not be made within one year, the agreement should not be construed as falling within the statute of frauds. Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937); Futch v. Head, 511 So.2d 314 (Fla. 1st DCA), rev. denied, 518 So.2d 1275 (Fla. 1987). The trial court, therefore, erred in dismissing with prejudice the breach of contract claim on the basis that the oral agreement violated the statute of frauds.
The trial court also erred in dismissing with prejudice the remaining counts. The fiduciary relationship between *994 the parties arose by virtue of the existence of the joint venture agreement. As joint venturers, De Ribeaux and Del Valle were required to deal with each other fairly and in good faith. Gossett v. St. Paul Fire & Marine Ins. Co., 427 So.2d 386 (Fla. 4th DCA 1983); Reaves v. Hembree, 330 So.2d 747 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 423 (Fla. 1977). De Ribeaux stated a cause of action for breach of fiduciary duty. De Ribeaux also pled sufficient facts to state a cause of action for fraud and for an accounting.
We, therefore, reverse the trial court's order of dismissal and remand for further proceedings.
REVERSED AND REMANDED.