DANAHY, Judge.
The appellants brought this action for declaratory relief against the appellee Pas-co County (the County). The appellee Mad Hatter Utility, Inc. (Mad Hatter), filed a motion to intervene, which was granted. Thereafter Mad Hatter filed a motion to dismiss the complaint. That order was granted and the complaint was dismissed with prejudice. We believe that the appellants W. David Teague and Remona Teag-ue can allege, by appropriate amendments, causes of action against the County and Mad Hatter. Accordingly, as to those appellants, we reverse the order dismissing the complaint with prejudice and remand with directions that the Teagues be given an opportunity to file an amended complaint. The trial judge erred in dismissing the complaint as to the Teagues without leave to amend. See Countryside Christian Center, Inc. v. City of Clearwater, 542 So.2d 1037 (Fla. 2d DCA 1989).
The original complaint alleges that the Teagues own a piece of property which immediately abuts property owned by Mad Hatter in Pasco County. Prior to Mad Hatter’s acquisition of the property, its predecessor in interest, Gransville Kinsman, made a combined application for AC-1 agricultural zoning and R-2 residential zoning on the Mad Hatter property. The R-2 application applied to a 150-foot strip of land immediately abutting the property for which an AC-1 agricultural *857 zoning classification was sought. The configuration of the application is set forth in the figure below:
[[Image here]]
The Kinsman application for rezoning was accompanied by an application for a special exception for a “private sewage treatment plant” in the AC-1 area. Because the Teagues own property abutting the 150-foot strip, they received notice of the rezoning application as to that strip and apparently also received notice of the rezoning application as to the AC-1 portion. However, they allege that since the special exception application for a private sewage treatment plant pertained only to the AC-1 portion, which the Teagues’ property does not abut, they did not receive notice of the special exception application.
The following additional allegations appear in a document filed by the appellants titled “Motion For Leave To Supplement Or In The Alternative And/Or Amend Complaint.” This motion apparently was never ruled upon.
After Mad Hatter acquired the property from Kinsman, it applied to and received a final order from the Department of Environmental Regulation (DER) approving use of the entire property for a sewage treatment plant with a treatment capacity of 500,000 gallons per day and a disposal capacity of 100,000 gallons per day. During the hearings leading to the issuance of the final order by the DER, Mad Hatter presented a sewage treatment plant design plan which incorporated the AC-1 property covered by the special exception application and the 150-foot strip which the Teagues’ property abuts. The proposed sewage treatment plant with spray irrigation effluent disposal is designed to serve residential developments several miles from the sewage treatment plant site. The proposed spray irrigation effluent disposal system is to be partially installed on the 150-foot strip abutting the Teagues’ property.
Thus, the Teagues assert that property abutting their property is to be put to a use which is severely detrimental to the Teagues’ property and the Teagues have never received notice and an opportunity to be heard regarding that proposed use. If Mad Hatter has indeed received permission from the County for the proposed use, the Teagues are entitled to collaterally attack the granting of that permission by a suit in equity against the County based on improper notice. Thompson v. City of Miami, 167 So.2d 841 (Fla.1964); City of Coral Gables v. Deschamps, 242 So.2d 210 (Fla. 3d DCA 1970); Kelner v. City of Miami Beach, 252 So.2d 870 (Fla. 3d DCA 1971). The law is well settled that notice must adequately inform as to what changes are proposed, and the actual change must conform substantially to the proposed changes in the notice. City of Coral Gables v. Deschamps. A party asserting lack of notice is not limited to seeking judicial review by certiorari within thirty days of the action of the County. An *858 assault on the validity of a zoning action may be accomplished by a suit in equity, rather than by certiorari. Thompson v. City of Miami. The Teagues should be given an opportunity to amend their complaint as to the County.
As appears more likely to be the case, Mad Hatter may not have applied for and received special exception permission from the County to use its property in the manner contemplated in its DER permit. If so, the Teagues can assert a cause of action for equitable relief against Mad Hatter to prevent the unauthorized and damaging use. The Teagues should be given an opportunity to amend their complaint to assert grounds for injunctive or other relief against Mad Hatter.
Because the appellants other than the Teagues are not abutting-property owners, we are not persuaded that they can assert causes of action based on irregularities in the land use permission granted by the County to Mad Hatter, or a cause of action for equitable relief against Mad Hatter concerning the proposed use.
Reversed and remanded with directions that the appellants Teague be given an opportunity to file an amended complaint against both the County and Mad Hatter.
CAMPBELL, C.J., and PATTERSON, J., concur.