PER CURIAM.
Appellant Jerrold A. Bross appeals an order granting judgment on the pleadings and dismissing with prejudice the action against appellees Dale Wallace and Robert Frady. We affirm the trial court’s ruling granting judgment on the pleadings except as to count two of the complaint.
The complaint, construed in the light most favorable to appellant, pleads in count two a cause of action for breach of an oral agreement between appellant and appellees to purchase from third parties a restaurant and certain franchise rights. If the oral agreement alleged in count two is solely one for purchase, such agreement could be performed within one year and would not be barred by the statute of frauds, section 725.01 of the Florida Stat *1199 utes (1991). See Yates v. Ball, 132 Fla. 132, 181 So. 341 (Fla.1937); De Ribeaux v. Del Valle, 531 So.2d 992 (Fla. 3d DCA 1988); Byam v. Klopcich, 454 So.2d 720 (Fla. 4th DCA 1984); Gulf Solar, Inc., v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984); Ostman v. Lawn, 305 So.2d 871 (Fla. 3d DCA 1974). However, if the parties intended to purchase the restaurant and franchise rights and to establish an ongoing business, the latter agreement would be within the statute of frauds and, consequently, unenforceable. See Yates v. Ball, supra; Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986); Weinsier v. Soffer, 358 So.2d 61 (Fla. 3d DCA) cert. denied, 365 So.2d 714 (Fla.1978); Tobin & Tobin Insurance Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975). The parties’ intent is a factual matter which cannot be resolved by a motion for judgment on the pleadings.
We note that if appellant should prove a breach of an oral agreement to purchase the restaurant and any franchise rights, appellant’s damages would be limited to those damages flowing from the breach of that agreement and not from the breach of any alleged oral agreement to operate a business.
Accordingly, we affirm the order of the trial court granting appellees’ motion for judgment on the pleadings as to counts one, three and four. We reverse the trial court’s order granting the judgment on the pleadings as to count two and remand for proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP, PETERSON and DIAMANTIS, JJ., concur.