FERGUSON, Judge.
The issue on this appeal is whether the failure to give precise rather than approximate dates of alleged transgressions, in an action for tortious interference with an expected devise, constitutes a failure to state a cause of action. We hold that it does not and reverse.
Appellant’s lack of compliance with the trial judge’s order to plead — before discovery — with more specificity, is no basis for a dismissal with prejudice for failure to state a cause of action. A basic purpose of a motion to dismiss is to test the over-all sufficiency of the complaint to state a claim upon which relief can be granted. Augustine v. Southern Bell Tel. & Tel. Co., 91 So.2d 320 (Fla.1956); Fla. R.Civ.P. 1.420. In ruling on the motion, it is inappropriate to consider the sufficiency of the evidence which the plaintiff is likely to produce. N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985).
Reversed and remanded for further consistent proceedings.