PER CURIAM.
R.K. Associates, owner of the 17070 Collins Avenue Shopping Center (“insured”), appeals the trial court’s final order dismissing its Second Amended Complaint with prejudice[1]; Granite State Insurance Co. (“insurer”) cross appeals the denial of its motion for attorneys’ fees; and Tri State Insurance Underwriters, Inc. (“agent”), also a defendant below, cross appeals the denial of its motion to dismiss the First Amended Complaint. For the following reasons, we reverse the trial court’s order of dismissal, dismiss the insurer’s cross appeal as moot, and affirm the trial court’s order denying the agent’s motion to dismiss.
The Second Amended Complaint filed by the insured alleged causes of action against the insurer and the agent that procured the policy in question on the insured’s behalf. Specifically, the complaint alleged, as against the insurer: 1) breach of the insurance contract upon the insurer’s rescission; 2) bad faith in entering a release/settlement agreement with the insured in an effort to circumvent obligations under the policy; 3) fraud in the inducement of the release/settlement agreement; and 4) intentional interference as to the business relationship between the insured and his commercial tenants. As against the agent, the complaint alleged negligence in procuring the policy which provided the grounds for rescission claimed by the insurer.
Following the trial court’s denial of the insurer’s motion for summary judgment, the court ordered a case management conference. At the conference, the trial judge expressed concerns over the release/settlement agreement. He concluded that, in addition to the allegations already charged in the First Amended Complaint, the insured was also required to expressly request that the release/settlement agreement be rescinded for the complaint to sufficiently support a claim that fraud vitiated the agreement. He instructed the insured to amend the complaint to reflect such a request. After the insured filed his Second Amended Complaint, in accordance with the trial court’s instructions, the court granted the insurer’s motion to dismiss the complaint with prejudice. However, the release/settlement agreement did not include, and thus did not apply to, the agent.
The standard of review for an order for involuntary dismissal is whether the contents of the complaint are sufficient to constitute a valid claim when construing the complaint in the light most favorable to the plaintiff, but limiting the consideration to the complaint’s four corners. See De Ribeaux v. Del Valle, 531 So.2d 992 (Fla. 3d DCA 1988); N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985); Midflorida Schs. Fed. Credit Union v. Fansler, 404 So.2d 1178 (Fla. 2d DCA 1981). The Second Amended Complaint sufficiently alleges fraud so as to vitiate the release/settlement agreement by operation of law. See Henson v. James M. Barker Co., Inc., 555 So.2d 901 (Fla. 1st DCA 1990) (holding that the trial court erred in dismissing the amended corn- *1134 plaint with prejudice because a release agreement may be set aside where the evidence is sufficient to establish it has been obtained by fraud). Moreover, the trial court had no viable basis upon which to dismiss insured’s complaint against the agent, as it stated a cause of action.
We, therefore, reverse the trial court’s order of dismissal and remand for further proceedings consistent with this opinion. Accordingly, the insurer’s cross appeal for attorneys’ fees is dismissed as moot. On the cross appeal, we affirm the trial court’s denial of the agent’s motion to dismiss the First Amended Complaint.
Affirmed in part, reversed in part, and remanded.

. The trial court did not stale its reason for granting the motion to dismiss.