BROWNING, J.
Appellant appeals an order of the trial court dismissing his amended complaint seeking damages from Appellee pursuant to section 768.28, Florida Statutes (1995), for failure to state a cause of action. We affirm.
Appellant seeks damages from Appellee for the loss of a box of legal papers including various and sundry legal documents accumulated by Appellant and entrusted to Appellee for safekeeping as required by prison regulations. Appellant alleges that he was advised by Appellee that the records were permanently lost and that “records that are part of your prison file can be replaced by the institution ... to contact the clerk of court and find out the cost of trial records ... then file a claim with risk management for that amount....” The amended complaint does not allege whether or not any action was taken by *750 Appellant and Appellee relevant to these allegations. Appellant claims damages as a result of Appellee’s misplacing his records based upon the following allegations:
b. The injuries suffered by plaintiff is [sic] that because of the loss of plaintiffs property plaintiff is unable to obtain the transcripts and records needed to have meaningful access to the courts due to the [sic] their no longer being in existence in the judicial system, the pain and misery of realizing that plaintiff will have to spend the rest of his life in prison because there are no existing records of his trial and conviction.
When considering whether a complaint states a cause of action the trial court is limited to the allegations of the complaint, which if well-pled are deemed admitted for the purpose of disposing of the motion. N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985). When acting on a motion to dismiss, a trial court’s determination will be affirmed if is legally correct, even if the trial court gives an incorrect basis. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999).
We conclude the trial court correctly dismissed Appellant’s amended complaint. It appears from the amended complaint that Appellant seeks damages for denial of access to the courts, and damages for pain and suffering associated with his loss of access to the courts. No remedy exists for these claims under Florida law. DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla.1980). While the trial court incorrectly went beyond the four corners of the complaint by considering the probability of Appellant’s prevailing in court had his papers not been lost, as the basis for its ruling, it nevertheless made the correct determination.
AFFIRMED.
MINER, J., CONCURS, and BENTON, J., DISSENTS WITH OPINION.