766 So.2d 1241 (2000)
Wiley WEBB, Appellant,
v.
TOWN COUNCIL OF TOWN OF HILLIARD, Florida, and George I. McKinnon, Individually, Appellees.
No. 1D99-2968.
District Court of Appeal of Florida, First District.
September 25, 2000.
*1242 William T. Basford, Orange Park; Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellant.
H. Price Poole, Jr. of Poole & Poole, P.A., Fernandina Beach, for Appellees.
PER CURIAM.
Appellant, Wiley Webb, seeks review of an order dismissing with prejudice his complaint for declaratory action and writ of mandamus. The complaint attacked the validity of the action of the Town Council of the Town of Hilliard, Florida, in granting a zoning exception to appellee, George T. McKinnon (McKinnon). We reverse.
In his complaint, appellant alleged that on December 3, 1998, the Town Council of the Town of Hilliard purported to approve McKinnon's verbal application for a special zoning exception to allow replacement of seven rental mobile homes in an area zoned single family district R-2, which does not permit mobile homes. Appellant further alleged complete noncompliance with the notice provisions of the Town's Zoning and Land Development Regulations. Part III of the Complaint states in part:
Webb seeks to have the action quashed, declared void, issuance of a Writ of Mandamus directing the Town of Hilliard, through its Council to rescind its action granting this zoning exception and enjoining the Council and McKinnon from permitting McKinnon to place the mobile homes on the described property. Any trailers placed on the property pursuant to the December 3rd meeting should be removed.
On April 9, 1999, McKinnon filed a motion to dismiss the complaint. As grounds *1243 therefor, McKinnon alleged appellant lacked standing to challenge the Council action, and the zoning exception was a quasi-judicial action, subject to challenge only by petition for writ of certiorari. McKinnon further alleged appellant's complaint was untimely, because it was not filed within the thirty-day time period for filing a petition for writ of certiorari of the Town Council's grant of the special zoning exception.
The trial court granted McKinnon's motion to dismiss, seemingly accepting McKinnon's argument that the zoning action could be challenged only by petition for writ of certiorari. The trial court reasoned appellant's complaint was time-barred, and dismissed the complaint with prejudice. Appellant filed a timely motion for rehearing, in which he asked the trial court to set aside the order of dismissal with prejudice, with leave to amend the complaint. In support of the motion for rehearing, appellant recognized the pleading deficiency in the original complaint, i.e., the complaint failed to establish that appellant has standing to challenge the Council's zoning action. Appellant alleged he does, in fact, live in the zoning district which prohibits mobile homes, but residents of the area had not been provided notice of the zoning application as required by the Town Code, and the mandated public hearing before the Planning and Zoning Board had not been held. Appellant urged that due to the lack of notice of the proposed zoning change, his only avenue was declaratory relief, injunction, and mandatory relief through a trial de novo. The trial court issued an order summarily denying the motion for rehearing.
An order of dismissal with prejudice is an appealable final order. See generally Obenschain v. Williams, et al., 750 So.2d 771, 772 (Fla. 1st DCA 2000). An abuse of discretion standard of review is applicable to a dismissal with prejudice of a complaint for declaratory judgment. See Obenschain, 750 So.2d at 773; Florida Public Employees Council v. Department of Children and Families, 745 So.2d 487, 490 (Fla. 1st DCA 1999); Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992).
When determining the merits of a motion to dismiss, the trial court's consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true. See Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999); 17070 Collins Avenue v. Granite State Insurance Company, 720 So.2d 1132, 1133 (Fla. 3d DCA 1998), review denied, 732 So.2d 326 (Fla.1999). "Dismissal with prejudice is an abuse of discretion where a pleader may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory." See Obenschain, 750 So.2d at 773. See also Gladstone, 729 So.2d at 1003.
Local government decisions pertaining to building permits, site plans, special zoning exceptions, and other development orders generally are deemed quasi-judicial in nature, thus subject to certiorari review. See Park of Commerce Assoc. v. City of Delray Beach, 636 So.2d 12, 15 (Fla.1994); Board of County Commissioners v. Snyder, 627 So.2d 469, 474 (Fla. 1993); Grace v. Town of Palm Beach, 656 So.2d 945, 946 (Fla. 4th DCA 1995); City of St. Petersburg v. Cardinal Industries Dev. Corp., 493 So.2d 535, 537 (Fla. 2d DCA 1986). However, an action for mandamus relief is appropriate to contest a zoning measure adopted without the notice and public hearing required for all zoning ordinances. See City of Miami Beach v. State ex rel. Fontainebleau Hotel Corp., 108 So.2d 614, 619 (Fla. 3d DCA), cert. denied, 111 So.2d 437 (Fla.1959). See also City of St. Petersburg v. Schweitzer, 297 So.2d 74, 76 (Fla. 2d DCA 1974), cert. denied, 308 So.2d 114 (Fla.1975).
*1244 Under Florida law, ordinances which substantially affect the use of land must comply strictly with the notice requirements of § 166.041(3)(c)1., Fla.Stat. This provision states in pertinent part:
(c) ... Ordinances that change the actual list of permitted, conditional, or prohibited uses within a zoning category, or ordinances initiated by the municipality that change the actual zoning map designation of a parcel or parcels of land shall be enacted pursuant to the following procedure:
. . . .
2. In cases in which the proposed ordinance changes the actual list of permitted, conditional, or prohibited uses within a zoning category, or changes the actual zoning map designation of a parcel or parcels of land involving 10 contiguous acres or more, the governing body shall provide for public notice and hearings... (Emphasis supplied).
"[S]trict compliance with the notice requirements of the state statute is a jurisdictional and mandatory prerequisite to the valid enactment of a zoning measure." See Lady J. Lingerie, Inc. v. City of Jacksonville, 973 F.Supp. 1428, 1434 (M.D.Fla. 1997), aff'd in part, quashed in part on other grounds by 176 F.3d 1358 (11th Cir. 1999), cert. denied, ___ U.S. ___, 120 S.Ct. 1554, 146 L.Ed.2d 459 (2000). Attempts of local government to grant zoning changes without compliance with procedural requirements have been deemed invalid and void. See Ellison v. City of Fort Lauderdale, 183 So.2d 193, 195 (Fla. 1966)(Since City Commission did not comply with notice and public hearing provisions, ordinance was invalid); Healthsouth Doctors' Hospital, Inc. v. Hartnett, 622 So.2d 146, 148 (Fla. 3d DCA 1993); City of Miami Beach v. State ex rel. Consolo, 279 So.2d 76, 78-79 (Fla. 3d DCA 1973), cert. denied, 292 So.2d 24 (Fla.1974)(City's attempt to change classification of property was a nullity, because the proposed change was not effected in accordance with the procedural requirements of the zoning ordinance, i.e., the city failed to hold a public hearing after due notice); City of Coral Gables v. Deschamps, 242 So.2d 210, 212 (Fla. 3d DCA 1970)(ordinance deemed invalid and void, because the notice as to the proposed zoning change was inadequate to inform regarding the proposed changes).
As regards notice of a zoning change,
[t]he law is well settled that notice must adequately inform as to what changes are proposed, and the actual change must conform substantially to the proposed changes in the notice. City of Coral Gables v. Deschamps. A party asserting lack of notice is not limited to seeking judicial review by certiorari within thirty days of the action of the County. An assault on the validity of a zoning action may be accomplished by a suit in equity, rather than by certiorari. Thompson v. City of Miami, 167 So.2d 841 (Fla.1964). (Emphasis supplied).
See Love Our Lakes Association v. Pasco County, 543 So.2d 855, 857-858 (Fla. 2d DCA 1989). The grant of an exception or variance which does not comply with statutorily mandated notice and public hearings requirements is void. See Bhoola v. City of St. Augustine Beach, 588 So.2d 666, 667 (Fla. 5th DCA 1991).
In the instant case, the trial court dismissed the complaint with prejudice because it had been filed more than thirty days after the contested action. Implicit in the ruling is the trial court's view that certiorari was the only means available to appellant to attack the town council's grant of the special exception, and that an amendment to the pleading could not cure the time bar. We disagree.
We conclude the trial court should have treated appellant's complaint for declaratory *1245 judgment and mandamus as a proper remedy, and dismissed the complaint with leave to amend to correct the deficiencies as to standing. Accepting the allegations of the complaint as true, the special exception purportedly granted by the town council must be deemed void. McKinnon concedes the process involving the grant of the special exception was "irregular." In fact, from the allegations and attachments to the complaint, it appears the special exception was granted with no pretense at compliance with the statutory provisions or the Town Code. Rather, it seems McKinnon went before the Town Council on December 3, 1998, and made an oral request for the special exception. His written applications for the exception were filed December 7 and 18, 1998, respectively, after the council had granted his request.[1] The transcript of the council meeting attached to the complaint reveals that McKinnon is not a resident of the town, and it appears he does not own the property at issue, having previously transferred it to his adult children.
We conclude the trial court abused its discretion in failing to treat the complaint for declaratory judgment as a proper remedy, and in failing to make the dismissal without prejudice to amend the complaint to allege standing to challenge the council action. See City of St. Petersburg v. Schweitzer, 297 So.2d at 76. Since the exception was granted before the applications for exception were filed, affected property owners were denied any semblance of notice and opportunity to be heard.
Accordingly, we reverse the order of dismissal with prejudice, and remand this matter with directions to afford appellant an opportunity to amend the complaint.
JOANOS, PADOVANO and BROWNING, JJ., CONCUR.
NOTES
[1] The Hilliard Town Code sets forth the following procedure for obtaining a variance:

Sec. 62-181. Written application.
All applications for a variance under this chapter shall be in writing in such form as may be prescribed by the planning and zoning board and shall be accompanied by the required fee.
Sec. 62-182. Public hearing.
Unless a longer time shall be agreed upon by the applicant and the planning and zoning board in the particular case, a public hearing shall be held by the planning and zoning board to consider any application for a zoning variance at the next regularly scheduled meeting subsequent to the date of filing of the completed application. Notice of public hearing shall be made as provided in section 62-36, and any party shall be heard in person or by agent or attorney.