PER CURIAM.
New Vista Development Corporation appeals an order granting a motion for judgment on the pleadings and dismissing its action with prejudice. We reverse.
I.
For present purposes we treat the allegations of the amended complaint as being true. In 1996, plaintiff-appellant New Vista and defendant-appellee Peninsula Developers, Inc. formed a joint venture to develop a low-income housing project known as Walden Ponds Villas (which we will refer to as “Joint Venture 1”). In 1997, Joint Venture 1 applied to Miami-Dade County for a surtax subsidy. The County Commission approved the application and provided Joint Venture 1 a $400,000 allocation toward the construction and development of the Walden Ponds Villas.
The plaintiff alleges that thereafter Peninsula and defendant-appellee Doral Terrace Associates, Ltd. formed another joint venture to develop a different property (which we will refer to as “Joint Venture 2”). According to the amended complaint, the defendant members of Joint Venture 2 misrepresented to the County that the members of Joint Venture 2 were the same as the members of Joint Venture 1. According to the amended complaint, the defendants told the County that the Walden Pond project was not feasible and requested that the $400,000 allocation be transferred to Joint Venture 2. The County did so.
The plaintiff alleges that the defendants’ representations to the County that the Walden Pond Development was not feasible were untrue. The plaintiff maintains that those representations to the County were made in order to shift the $400,000 subsidy from Joint Venture 1 (where plaintiff was a joint venture partner) to Joint Venture 2 (where plaintiff was not a joint venture partner).
After Joint Venture 1 lost the allocation to Joint Venture 2, plaintiff filed suit against defendants Peninsula and Doral. The plaintiff alleged that Peninsula breached its fiduciary duty to the plaintiff by shifting a valuable asset, the $400,000 subsidy, from Joint Venture 1 to Joint Venture 2. The plaintiff alleged that Doral joined with Peninsula in making the above false representation to the County, thus interfering with plaintiffs advantageous business relationship.
The plaintiff also sued the County. The plaintiff sought a declaratory judgment stating that the surtax allocation rightly *464 belonged to Joint Venture 1 and the County should not have transferred it to Joint Venture 2.
The County moved to dismiss the claim for declaratory relief against it arguing in part that appellant lacked standing to bring the suit against the County because only Joint Venture 1 (and not plaintiff alone) could seek redress against the County. The trial court granted the motion. The dismissal was affirmed by this court in New Vista Dev. Co. v. Miami-Dade County, 814 So.2d 1052 (Fla. 3d DCA 2002).
Thereafter, Peninsula and Doral moved for a judgment on the pleadings arguing that appellant also lacked standing to sue them because any suit would have to be brought by Joint Venture 1 and not by appellant alone. The trial court granted the motion and entered a final order dismissing the action for lack of standing. This appeal followed.
II.
On appeal, the plaintiff argues that the trial court improperly dismissed its claims for lack of standing. We agree.
First, joint venturers owe each other a duty of loyalty and a claim for breach of fiduciary duty will lie where a joint-venturer breaches that duty of loyalty. See De Ribeaux v. Del Valle, 531 So.2d 992 (Fla. 3d DCA 1988). The plaintiff alleges that defendant Peninsula breached a duty owed by defendant Peninsula to plaintiff. The plaintiff has standing to proceed directly against its co-venturer, Peninsula, on such a claim for breach of fiduciary duty. The dismissal of the plaintiffs claim against Peninsula was error.
Second, the claims for interference and conspiracy should not have been dismissed for lack of standing. The amended complaint alleges that Doral “through its agents ... held itself out as [being] Plaintiff [New Vista] and represented to Miami-Dade County that plaintiff and defendant Peninsula Developers, Inc. had determined that the Walden Pond Villas project was not feasible for development.” The amended complaint goes on to allege Doral and Peninsula requested that the $400,000 surtax subsidy be allocated to Joint Venture 2 (in which plaintiff had no interest) instead of Joint Venture 1 (in which plaintiff was a joint venture partner). The plaintiff alleges, in other words, that defendant Peninsula and defendant Doral colluded to procure the transfer of a valuable asset, the $400,000 subsidy, from Joint Venture 1 to Joint Venture 2 without the plaintiffs knowledge or consent. The plaintiff has standing to bring such a claim. See Phillips Chemical Co. v. Morgan, 440 So.2d 1292, 1294 (Fla. 3d DCA 1983). Judgment on the pleadings was improperly granted.
The defendants argue that the issue of appellant’s standing to sue them was adjudicated in appellant’s earlier appeal of the trial court’s dismissal of appellant’s claims against the County. We disagree. As the application for the subsidy was submitted by, and the funds were granted to, Joint Venture 1, any claims against the County regarding the reallocation of those funds had to be brought by the joint venture. The claims against the present defendants, by contrast, are claims that defendants Peninsula and Doral conspired to shift the tax subsidy from a venture in which the plaintiff participated to a venture in which the plaintiff did not. The claims are for wrongs allegedly directed against the plaintiff specifically.
The defendants also claim that this Court cannot reverse because the plaintiff failed to attend the hearing. We reject this argument as well. A motion for *465 judgment on the pleadings must be “decided on the pleadings only.” Shay v. First Federal of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983). While the plaintiff should have appeared at the hearing, the error here plainly appears from the face of the pleadings. We conclude that the issue is properly before -us and that the judgment must be reversed.
Reversed and remanded for further proceedings consistent herewith.