WEBSTER, J.
 

 Appellants seek review of a final judgment dismissing with prejudice their multi-count complaint filed in an action arising out of a dispute regarding coverage pursuant to a policy of title insurance issued by appellee. Because we conclude that appellants could conceivably amend three of the counts to state causes of action, we reverse the dismissal of those three counts, and remand with directions that the trial court permit appellants to file an amended complaint as to those counts within a reasonable time, should appellants elect to do so. We affirm the dismissal with prejudice of the remaining counts.
 

 Not content merely to allege a breach of the insurance contract, appellants filed a 34-count 77-page complaint against appel-lee and two related entities attempting to assert causes of action for negligence, fraud, breach of fiduciary duty, equitable and promissory estoppel, intentional infliction of emotional distress, violations of the Florida Deceptive and Unfair Trade Practices Act and the federal Racketeer and Corrupt Organizations Act, and a claim for
 
 *714
 
 loss of consortium by appellant Angela Testa.
 
 See Gordon v. Green,
 
 602 F.2d 743, 747 n. 13 (5th Cir.1979) (where, chastising a plaintiffs attorneys for their utter disregard for the Federal Rules of Civil Procedure in drafting a complaint, the court said that “[cjounsel as scrivener would have been fair game for the discipline meted out by” an English Chancellor in 1596 — ordering a hole cut through the center of a particularly prolix document, and then ordering that the drafter’s head be stuffed through the hole and the drafter led around to be exhibited to all attending court at Westminster). During a hearing on the defendants’ motions to dismiss, the trial court said that it appeared that all appellants had was a breach of contract claim against appellee and a breach of fiduciary duty claim against the defendant escrow agent. The court said that, therefore, it intended to dismiss the remaining counts with prejudice, as barred by the economic loss doctrine, and entered an order to that effect. Subsequently, apparently so that they might appeal that non-final order, appellants filed a notice voluntarily dismissing their breach of contract claim against appellee. The trial court then entered a final judgment dismissing all of the counts against appellee with prejudice. As to the breach of contract claim which appellants had voluntarily dismissed, the trial court noted that, because that was their second voluntary dismissal as to appellee, the dismissal would constitute an adjudication on the merits.
 
 See
 
 Fla. R. Civ. P. 1.420(a)(1) (stating that a notice of voluntary dismissal “operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim”). This appeal follows. Our standard of review is, of course,
 
 de novo,
 
 and we are required to accept all material factual allegations as true and draw all reasonable inferences in favor of the pleader.
 
 See, e.g., Hernandez v. Tallahassee Med. Ctr., Inc.,
 
 896 So.2d 839, 841 (Fla. 1st DCA 2005).
 

 As an initial matter, we note that, in their brief, appellants have made substantive arguments directed only to counts 11, 12, 14, 18, 19, 20, 27, 28, 33 and 34. Accordingly, they have abandoned or waived any challenge to dismissal of the remaining counts.
 
 See White v. White,
 
 627 So.2d 1237, 1239 (Fla. 1st DCA 1993) (quoting from
 
 Polyglycoat Corp. v. Hirsch Distribs., Inc.,
 
 442 So.2d 958, 960 (Fla. 4th DCA 1983)). As to the counts appellants have addressed substantively, we conclude that the trial court correctly dismissed with prejudice counts 11, 19, 20, 27, 28, and 33 as barred by the economic loss doctrine.
 
 See, e.g., AFM Corp. v. S. Bell Tel. & Tel. Co.,
 
 515 So.2d 180, 181-82 (Fla.1987) (holding that, “without some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic losses”);
 
 Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.,
 
 891 So.2d 532, 542 (Fla.2004) (“reiterat[ing] that when the parties have negotiated remedies for nonperformance pursuant to a contract, one party may not seek to obtain a better bargain than it made by turning a breach of contract into a tort for economic loss”). While appellants did allege personal injuries, any such claim would clearly be barred by the impact doctrine.
 
 See, e.g., R.J. v. Humana of Fla., Inc.,
 
 652 So.2d 360, 362 (Fla.1995) (“[i]n essence, the impact rule requires that ‘before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact,’ ” quoting from
 
 Reynolds v. State Farm Mut. Auto. Ins. Co.,
 
 611 So.2d 1294, 1296 (Fla. 4th DCA 1992)). Here, the
 
 *715
 
 personal injuries claimed were all alleged to have been the result of “emotional distress” resulting from appellee’s actions— there were no “physical injuries ... sustained in an impact.” Because appellant Joseph Testa’s personal injury claims fail to state causes of action, appellant Angela Testa’s derivative loss of consortium claim (count 34) also fails to state a cause of action.
 
 See, e.g., Gates v. Foley,
 
 247 So.2d 40, 45 (Fla.1971) (stating that a wife’s right of action for loss of consortium “is a derivative right and she may recover only if her husband has a cause of action against the same defendant”).
 

 We conclude further, however, that, although they have not yet stated a cause of action because they have failed to plead “ultimate facts” showing entitlement to relief, see Fla. R. Civ. P. 1.110(b), appellants might conceivably be able to state one with regard to counts 12, 14 and 18. Count 12 appears to be a claim for vicarious liability because of a breach of fiduciary duty by appellee’s agent. While we think it unlikely that appellants will be able to plead ultimate facts sufficient to demonstrate the existence of a fiduciary duty toward them on the part of appellee’s agent, it is not inconceivable that they might. If they can, they may have a viable cause of action.
 
 See Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.,
 
 891 So.2d 532, 542 (Fla.2004) (noting, without approval or disapproval, that some courts in Florida had refused to apply the economic loss rule to bar recovery on a claim for breach of fiduciary duty, “even if there was an underlying oral or written contract”). Count 14 is a claim seeking to hold appellee responsible for breach of an oral contract between appellant Joseph Testa and appel-lee’s agent to procure specific coverage. While that count fails to plead ultimate facts sufficient to identify the terms of the alleged oral contract, appellants may be able to amend to do so. Finally, count 18 attempts to allege a claim for promissory estoppel. While, again, ultimate facts are lacking, appellants may be able to supply them by amendment.
 
 See AIU Ins. Co. v. Block Marina Inv., Inc.,
 
 544 So.2d 998, 1000 n. 1 (Fla.1989) (where the court noted that, in
 
 Croton Life Ins. Co. v. McBride,
 
 517 So.2d 660 (Fla.1987), it had “held that the doctrine of promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice”).
 

 Appellants asked the trial court for leave to file an amended complaint. The trial court denied that request because it was of the opinion that amendment would be futile as to all claims. Because we conclude that amendment might not be futile as to the claims sought to be asserted in counts 12, 14 and 18, and because appellants have not previously amended their complaint,
 
 see Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank,
 
 592 So.2d 302, 305 (Fla. 1st DCA 1991), we reverse the dismissal with prejudice of counts 12, 14 and 18, and remand with directions that the trial court permit appellants to file an amended complaint as to those counts within a reasonable time, should appellants elect to do so. We affirm the dismissal with prejudice of all remaining counts against appellee.
 

 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
 

 LEWIS and ROBERTS, JJ., concur.