# Supreme Court of Florida

_____

No. SC18-1672

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES AND STANDARD JURY INSTRUCTIONS IN CONTRACT AND BUSINESS CASES—JOINT REPORT NO. 18-01.**

December 20, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases and the Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases (Committees) have submitted proposed new standard jury instructions and ask that the Court authorize the standard instructions for publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committees propose the following new instructions pertaining to Fiduciary Duty under section 451 of the respective standard jury instructions in civil cases and in contract and business cases:  451.1 (Introduction); 451.2 (Summary of Claims or Contentions); 451.3 (Greater Weight of the Evidence); 451.4 (Existence of Fiduciary Duty Disputed); 451.5 (Breach of Fiduciary Duty); 451.6 (Legal Cause); 451.7 (Preemptive Charges); 451.8 (Preliminary Issue -

Vicarious Liability); 451.9 (Burden of Proof on Preliminary Issues); 451.10 (Issues on Main Claim); 451.11 (Burden of Proof on Main Claim); 451.12 (Defense Issues); and 451.13 (Burden of Proof on Defense Issues). The full set of numbered instructions was published in the January 1, 2018, issue of *The Florida Bar News*. No comments were received.

Having considered the Committees' joint report, the new jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use. New language is indicated by underlining. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any Notes on Use or Sources and Authorities associated with the instructions reflect only the opinion of the respective Committees and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE

JANUARY 2, 2019.  NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions — Civil Cases and Contract and Business Cases

Honorable Paul Lee Huey, Chair, Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases, Tampa, Florida; Laura K. Whitmore, Chair, Tampa, Florida, Jeffrey Alan Cohen, Vice Chair and Subcommittee Chair, Miami, Florida, and Honorable Stephanie W. Ray, Member, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, Mikalla Andies Davis and Heather Savage Telfer, Bar Liaisons, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

# SECTION 451 — FIDUCIARY DUTY

451.1 Introduction

451.2 Summary of Claims or Contentions

451.3 Greater Weight of the Evidence

451.4 Existence of Fiduciary Duty Disputed

451.5 Breach of Fiduciary Duty

451.6 Legal Cause

451.7 Preemptive Charges

451.8 Preliminary Issue — Vicarious Liability

451.9 Burden of Proof on Preliminary Issues

451.10 Issues on Main Claim

451.11 Burden of Proof on Main Claim

451.12 Defense Issues

451.13 Burden of Proof on Defense Issues

# 451.1  INTRODUCTION

**Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are** (slightly) **different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

NOTES ON USE FOR 451.1

1.      When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 451.1. See Model Instruction No. 1. Instruction 451.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 451.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.

2.      Florida Rule of Civil Procedure 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.

3.      Each juror must be provided with a full set of jury instructions for use during their deliberations. *Fla.R.Civ.P.* 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.

## 451.2  SUMMARY OF CLAIMS OR CONTENTIONS

**The claims [and defenses] in this case are as follows.** (Claimant) **claims that** (defendant) **owed a fiduciary duty to [him][her], that** (defendant) **failed to protect** (claimant's) **[financial interests] [property interests] [secrets] [confidences] [private information] [used such information to the detriment of claimant], and that this [failure] [use] caused harm to** (claimant)**.**

(Defendant) **denies that claim [and also claims that** (describe any affirmative defenses)**].**

**The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.**

## 451.3  GREATER WEIGHT OF THE EVIDENCE

**"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

### NOTES ON USE FOR 451.3

1.    *Greater or lesser number of witnesses.* The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.

2.    *Circumstantial evidence.* The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See *Nielsen v. City of Sarasota*, 117 So. 2d 731 (Fla. 1960).

## 451.4  EXISTENCE OF FIDUCIARY DUTY DISPUTED

(Claimant) **claims that** (defendant) **owed a fiduciary duty to [him] [her] [it].**

**To prove a fiduciary duty existed,** (claimant) **must prove the following:**

**A relationship existed between** (claimant) **and** (defendant) **in which** (claimant) **put [his] [her] [its] trust in** (defendant) **to protect** (claimant's) **[financial or property interests] [secrets] [confidences] [private information] and** (defendant) **accepted that trust.**

### NOTES ON USE FOR 451.4

1.     This instruction should not be read if the defendant admits the existence of a common law or statutory fiduciary duty. If the defendant admits the existence of such a duty, the preemptive charge at instruction 451.7a should be given instead.

2.     These instructions address cases in which a breach of fiduciary duty creates a jury issue. *But see King Mountain Condominium Ass'n v. Gundlach*, 425 So. 2d 569 (Fla. 4th DCA 1982) (holding that a plaintiff seeking purely equitable relief for breach of fiduciary duty is not entitled to a jury trial).

3.     The committee recognizes that claims for breach of fiduciary duty may arise in different circumstances in addition to those listed above. *See Doe v. Evans*, 814 So. 2d 370 (Fla. 2002).

### SOURCES AND AUTHORITIES

1.     The Florida Supreme Court has characterized a fiduciary relationship in the following manner:

The relation and duties involved need not be legal; they may be moral, social, domestic or personal. If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief. The origin of the confidence is immaterial.

*Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002) (quoting *Quinn v. Phipps*, 93 Fla. 805, 113 So. 419, 421 (Fla. 1927)).

2.      "A fiduciary relationship may be implied by law, and such relationships are 'premised upon the specific factual situation surrounding the transaction and the relationship of the parties.'" *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002) (quoting *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994)).

## 451.5  BREACH OF FIDUCIARY DUTY

(Claimant) **claims that** (defendant) **breached a fiduciary duty [he] [she] [it] owed to** (claimant) **and was damaged as a result.**

**You must decide whether** (defendant) **breached a fiduciary duty to** (claimant) **and whether the breach was a legal cause of damages.**

**A breach of a fiduciary duty occurs when** (defendant) **failed to act [with the utmost good faith, fairness, and honesty] [with the highest and finest loyalty] and:**

**a.      failed to protect** (claimant's) **financial or property interests; or**

**b.      failed to protect** (claimant's) **[secrets] [confidences] [private information]; or**

**c.      used such information to the detriment of** (claimant)

**and breach of the fiduciary duty is a legal cause of damage to** (claimant)**.**

NOTES ON USE FOR 451.5

1.      These instructions have been prepared to cover many of the circumstances under which fiduciary duties have been held to arise. Courts have described the standard for a fiduciary's duty as being "the finest and highest loyalty," *Donahue v. Davis*, 68 So. 2d 163 (Fla. 1953), and "utmost good faith,

fairness and honesty," *Gossett v. St. Paul Fire and Marine Insurance Co.*, 427 So. 2d 386, 387 (Fla. 4th DCA 1983). The choice of the particular standard or standards will depend on the circumstances that give rise to the fiduciary duty. Other standards not listed in this instruction may apply.

2. A breach of fiduciary duty can be negligent or intentional. *Palafrugell Holdings, Inc. v. Cassel*, 825 So. 2d 937, 939 n.1 (Fla. 3d DCA 2001).

3. As the facts dictate, appropriate defense instructions may be necessary.

4. In the appropriate case, the court should consider whether to give instructions on concurring or intervening cause.

# 451.6  LEGAL CAUSE

*a.     Legal cause generally:*

**Breach of a fiduciary duty is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the breach of fiduciary duty, the [loss] [injury] [or] [damage] would not have occurred.**

*b.     Concurring cause:*

**In order to be regarded as a legal cause of [loss] [injury] [or] [damage] a breach of the fiduciary duty need not be the only cause. A breach of a fiduciary duty may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the breach of fiduciary duty contributes substantially to producing such [loss] [injury] [or] [damage].**

*c.*     *Intervening cause:*

*Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:\**

**\*[In order to be regarded as a legal cause of [loss] [injury] [or] [damage], breach of fiduciary duty need not be its only cause.] Breach of fiduciary duty may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the breach of fiduciary duty occurs if [such other cause was itself reasonably foreseeable and the breach of fiduciary duty contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the breach of fiduciary duty and the breach of fiduciary duty contributes substantially to producing it].**

## 451.7  PREEMPTIVE CHARGES

The court has determined and now instructs you that:

*a.*     *Existence of a fiduciary duty:*

**A relationship existed between** (claimant) **and** (defendant) **in which** (claimant) **put [his] [her] [its] trust in** (defendant) **to protect** (claimant's) **[financial or property interests] [secrets] [confidences] [private information] and** (defendant) **accepted that trust.**

*(Skip to instructions on breach of fiduciary duty (451.5), legal cause (451.6), and damages (section 500).)*

NOTES ON USE FOR 451.7a

1.     This preemptive charge should be given only when the defendant admits or stipulates, or the court has ruled as matter of law, that a common law or

- 10 -

statutory fiduciary duty exists between the claimant and the defendant. Otherwise, instruction 451.4 should be given.

2.     The Committee takes no position on whether all the types of damages specified in section 500 are awardable for a breach of fiduciary duty claim.

*b.     Directed verdict on liability:*

(Defendant) **breached a fiduciary duty and that breach was a legal cause of [loss] [injury] [or] [damage] to** (claimant)**.** (Claimant) **is therefore entitled to recover from** (defendant) **for the [loss] [injury] [or] [damage] as is shown by the greater weight of the evidence to have thus been caused by** (defendant)**.**

*(Skip to instructions on damages (section 500).)*

NOTE ON USE FOR 451.7b

This charge should be given only when the defendant admits or stipulates, or the court has ruled a matter of law, that the defendant has breached a fiduciary duty and that breach is a legal cause of damages to the plaintiff. Otherwise, instructions 451.5 and 451.6 should be given.

# 451.8  PRELIMINARY ISSUE — VICARIOUS LIABILITY

NOTE ON USE FOR 451.8

At this time, the Committee does not propose a standard instruction on preliminary issues in a breach of fiduciary duty case. A special instruction on vicarious liability may be considered. *See Testa v. S. Escrow & Title, LLC*, 36 So. 3d 713, 715 (Fla. 1st DCA 2010) (noting the possibility of pleading a claim for vicarious liability for breach of fiduciary duty).

## 451.9  BURDEN OF PROOF ON PRELIMINARY ISSUES

**If the greater weight of the evidence does not support** (claimant's) **claim on [this issue] [these issues], that** (describe preliminary issue)**, then your verdict on the claim of** (claimant) ***[because of the claimed breach of fiduciary duty by** (name)**] should be for** (defendant)**.**

**If, however, the greater weight of the evidence supports** (claimant's) **claim on [this issue] [these issues], that** (describe preliminary issue)**, then you shall consider the other issues on** (claimant's) **claim.**

NOTES ON USE FOR 451.9

1.      Give instruction 451.9 if instructing the jury on any preliminary issues.

2.      If there are multiple defendants, this instruction will have to be modified to account for the issues related to each defendant.

3.      *There is no need to give that portion of the charge contained within brackets unless the claimant makes multiple claims involving other defendants. In such a case it is necessary to distinguish this claim from claims against other defendants.

## 451.10  ISSUES ON MAIN CLAIM

**The [next] issues you must decide on** (claimant's) **claim against** (defendant) **are:**

*a.      Breach of fiduciary duty:*

**whether** (defendant) **breached a fiduciary duty by** (describe conduct in question)**, and, if so, whether that breach was a legal cause of [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*b.*     *Breach of fiduciary duty by multiple defendants:*

**whether** (defendant) **or** (defendant) **breached a fiduciary duty or whether both breached a fiduciary duty in** (describe alleged breach of fiduciary duty) **and, if so, whether that breach was a legal cause of [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

NOTE ON USE FOR 451.10

"The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002).

## 451.11  BURDEN OF PROOF ON MAIN CLAIM

**If the greater weight of the evidence does not support [one or more of]** (claimant's) **claim[s], your verdict should be for** (defendant) **[on [that] [those] claim[s]].**

**[However, if the greater weight of the evidence supports [one or more of]** (claimant's) **claim[s], then your verdict should be for** (claimant) **and against** (defendant) **[on [that] [those] claim[s]].]**

NOTES ON USE FOR 451.11

1.     Use the first paragraph in all cases. If there is an affirmative defense to the claim that is the subject of the charge, do not use the bracketed paragraph; instead, use instruction 451.12.

2.     The Committee takes no position on whether a comparative negligence instruction would be appropriate.

## 451.12  DEFENSE ISSUES

**If, however, the greater weight of the evidence supports [**(claimant's) **claim] [one or more of** (claimant's) **claims], then you shall consider the defense(s) raised by** (defendant)**.**

**On the [first]\* defense, the issue(s) for you to decide [is] [are]:**

*[Insert any special instructions on defense issues]*

NOTE ON USE FOR 451.12

At this time, the Committee does not propose standard instructions on any particular defenses that may be raised.

## 451.13  BURDEN OF PROOF ON DEFENSE ISSUES

**If the greater weight of the evidence does not support** (defendant's) **defense[s] of** (describe defense) **and the greater weight of the evidence supports** (claimant's) **claim, then [your verdict should be for** (claimant) **in the total amount of [his] [her] damages].**

NOTES ON USE FOR 451.13

1.      *Preemptive charges on defense issues.* If a preemptive charge for claimant is appropriate on a defense issue, an instruction in the form of 451.7 should be given immediately following instruction 451.11. If a preemptive charge for defendant is required on some aspect of a defense, a preemptive charge announcing the ruling should be given immediately after framing the applicable defense issue.

2.      *Charges on issues raised by replies to affirmative defenses.* Plaintiff bears the burden of proof on issues raised by any replies to affirmative defenses, and instruction 451.13 should be modified as appropriate for those issues.