# Supreme Court of Florida

_____

No. SC20-145
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION, THE FLORIDA RULES OF CIVIL PROCEDURE, AND THE FLORIDA RULES OF CRIMINAL PROCEDURE—STANDARD JURY INSTRUCTIONS.**

March 5, 2020
**<u>CORRECTED OPINION</u>**

PER CURIAM.

The Court, on its own motion,[1] adopts new Florida Rule of Judicial Administration 2.270 (Supreme Court Committees on Standard Jury Instructions) to authorize the Supreme Court committees on standard jury instructions to approve for publication and use new and amended instructions the committees develop. In recognition of this newly granted authority, the Court also adopts, on its own motion,[2] new Florida Rule of Judicial Administration 2.580 (Standard Jury Instructions), amends Florida Rule of Civil Procedure 1.470(b) (Instructions to

_____

1. *See* Fla. R. Jud. Admin. 2.140(g).

2. *See* Fla. R. Jud. Admin. 2.140(d).

Jury) and Florida Rule of Criminal Procedure 3.390 (Jury Instructions), and deletes

Florida Rule of Criminal Procedure 3.985 (Standard Jury Instructions) as

unnecessary.[3]

**Background**

This Court is currently one of the few state high courts that authorizes or

approves standard, pattern, or model jury instructions for use in civil and criminal

cases.[4] The development and authorization for use of Florida's standard jury

instructions currently is a two-step process, in which the three committees on

standard jury instructions, created by this Court,[5] prepare new and amended

---

3. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

4. *See, e.g.*, Haw. Cir. Ct. Std. Jury Instrs., https://www.courts.state.hi.us/legal_references/circuit_court_standard_jury_instructions (indicating availability of Hawaii Supreme Court orders approving pattern jury instructions); *In re Crim. Jury Instrs.* (Idaho Aug. 26, 2010), https://isc.idaho.gov/jury/criminal/2010OrderRevisingCriminalJuryInstructions.pdf (adopting revised Idaho Criminal Jury Instructions recommended by Criminal Jury Instruction Committee); Mississippi Model Jury Instruction Commission, https://courts.ms.gov/commissions/modeljury.php (stating that the Mississippi Model Jury Instruction Commission recommends revised, modified, and simplified jury instructions to the Mississippi Supreme Court); Mo. Approved Instrs.: Civ. and Crim., https://www.courts.mo.gov/page.jsp?id=589 (stating the Missouri Supreme Court periodically enacts and modifies by order Missouri approved civil and criminal instructions).

5. This Court has created the Supreme Court Committee on Standard Jury Instructions in Civil Cases, the Supreme Court Committee on Standard Jury Instructions in Criminal Cases, with responsibility for the standard jury instructions in criminal and in involuntary civil commitment of sexually violent predator cases and for the grand jury instructions, and the Supreme Court Committee on Standard

standard jury instructions for their respective case types and report those instruction changes to this Court, which, in turn, authorizes the instructions for publication and use in a written opinion. *See, e.g.*, *In re Std. Jury Instrs. in Crim. Cases—Report 2018-03*, 272 So. 3d 1210 (Fla. 2019); *In re Std. Jury Instrs. in Civil Cases & Std. Jury Instrs. in Contract & Bus. Cases—Joint Report No. 18-01*, 260 So. 3d 965 (Fla. 2018). The Court's opinions authorizing the instructions for publication and use include the following caveat explaining that by so authorizing the instructions the Court expresses no opinion on the correctness of the instructions and that the authorization does not foreclose the requesting of additional or alternative instructions:

> In authorizing the publication and use of these instructions, we express no opinion on [the instructions'] correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

---

Jury Instructions in Contract and Business Cases to serve as standing committees responsible for preparing standard jury instructions for use in their respective case types. *See In re Std. Jury Instrs.*, 198 So. 2d 319, 320 (Fla. 1967); *In re Std. Jury Instrs. in Crim. Cases*, 240 So. 2d 472, 474 (Fla. 1970); *In re Supreme Court Comm. on Std. Jury Instr.–Contract & Bus. Cases*, Fla. Admin. Order No. AOSC06-47 (Sept. 15, 2006).

*See, e.g.*, *In re Std. Jury Instrs. in Civil Cases & Std. Jury Instrs. in Contract & Bus. Cases—Joint Report 18-01*, 260 So. 3d 965 (Fla. 2018); *In re Std. Jury Instrs. in Crim. Cases—Report 2018-11*, 260 So. 3d 1024, 1025 (Fla. 2018). Consistent with that caveat, Florida Rule of Civil Procedure 1.470(b) (Instructions to Jury) and Florida Rule of Criminal Procedure 3.985 (Standard Jury Instructions), provide, respectively, that the standard jury instructions authorized for publication and use by this Court may be used by trial judges in charging the jury in civil and criminal cases to the extent that those instructions are applicable, unless the trial judge determines that the standard instruction is erroneous or inadequate, in which case the trial judge should modify the standard instruction or give such other instruction as the judge determines to be necessary to accurately and sufficiently instruct the jury.

This Court has determined that the current process for developing and authorizing standard jury instructions is more cumbersome than necessary, and that despite the caveat routinely included in the Court's opinions, some wrongly believe that by authorizing for publication and use standard instructions prepared by the committees, the Court has ruled on the legal correctness of those instructions.[6] Moreover, because of this Court's authorizing of the standard

---

6. This appears to be true despite the fact that the Court also has explained that such substantive determinations cannot be made by the Court in a jury instructions case and must be left for an actual case and controversy. *See In re Std.*

instructions, trial judges are sometimes reluctant to modify standard jury instructions or to give other instructions requested by a party that may be more appropriate.

Therefore, in order to put in place a more efficient process for providing standard jury instructions to be used in civil and criminal cases and to avoid any misconception that this Court has "adopted," "approved," or otherwise ruled on the legal correctness of the standard jury instructions prepared by the committees, the Court has determined that it should no longer be involved in the development and authorization for use of Florida's standard jury instructions. Rather, the three committees the Court has created to prepare standard jury instructions should be authorized to develop and approve, by two-thirds vote, new and amended standard jury instructions to be published for use in the committees' respective case types. Adopting a procedure for providing standard jury instructions that does not require this Court's involvement is consistent with the procedures for providing the standard, pattern, or model jury instructions that are used in most other states, in

---

*Jury Instrs. in Crim. Cases—Report No. 2019-01*, 44 Fla. L. Weekly S331 (Fla. Dec. 19, 2019); *In re Std. Jury Instrs. in Crim. Cases—Report 2018-04*, 257 So. 3d 370, 372 (Fla. 2018); *In re Std. Jury Instrs. in Crim. Cases—Report No. 2015-08*, 194 So. 3d 1007 (Fla. 2016); *In re Std. Jury Instrs. in Crim. Cases—Instruction 14.2*, 140 So. 3d 992 (Fla. 2014); *In re Std. Jury Instrs. in Crim. Cases—Report No. 2011-03*, 95 So. 3d 868, 869 (Fla. 2012); *In re Std. Jury Instrs. in Crim. Cases—Report 2011-04*, 85 So. 3d 1090, 1091 n.1 (Fla. 2012); *In re Std. Jury Instrs. in Crim. Cases—Report No. 2007-5*, 982 So. 2d 1160, 1161 n.2 (Fla. 2008).

which entities other than the states' high court are responsible for developing and

approving those instructions for use.[7]  Giving the three Supreme Court standard

---

7. *See, e.g.*, *Merchants Foodservice v. Rice*, No. 1170282, 2019 WL 988894 at*5 n.7 (Ala. Mar. 1, 2019) (recognizing that Alabama civil pattern jury instructions are published by the Alabama Pattern Jury Instruction Committee and are not preapproved by the Supreme Court of Alabama); Alaska Pattern Jury Instrs., http://www.courts.alaska.gov/rules/index.htm (stating that the Alaska pattern jury instructions are the responsibility of the civil and criminal pattern jury instructions committee and "have not been approved or promulgated by any court or the Alaska Bar Association"); Criminal Jury Instructions Committee, State Bar of Arizona, https://www.azbar.org/advisorygroups-committees-sections/committees/criminaljuryinstructions (stating that the Arizona criminal jury instructions are prepared by a committee of the state bar and are not approved by the Arizona Supreme Court); Civil Jury Instructions Committee, State Bar of Arizona, https://www.azbar.org/advisorygroups-committees-sections/committees/civiljuryinstructions (same as to the Arizona civil jury instructions); Cal. Rule of Ct. 2.1050 (providing that the Judicial Council of California adopts the California civil and criminal jury instructions); Connecticut Judicial Branch, Crim. Jury Instrs., https://www.jud.ct.gov/JI/Criminal/default.htm (stating that the Connecticut criminal jury instructions were compiled by a jury instructions committee); Connecticut Judicial Branch, Civ. Jury Instrs., https://www.jud.ct.gov/JI/Civil/default.htm (same as to the Connecticut civil jury instructions); Ill. Pattern Jury Instrs.-Civ., http://illinoiscourts.gov/CircuitCourt/CivilJuryInstructions/default.asp (stating that the Illinois civil pattern jury instructions are drafted by the Illinois Supreme Court jury instruction committee for civil cases and there is no advance approval of the pattern jury instructions by the Supreme Court.); Ill. Pattern Jury Instrs.-Crim., http://www.illinoiscourts.gov/CircuitCourt/CriminalJuryInstructions/default.asp (same as to Illinois criminal jury instructions); Indiana Judicial Branch., https://www.in.gov/judiciary/iocs/2392.htm (stating that the Indiana Judges Association's Criminal Instructions Committee authors the Indiana criminal pattern jury instructions); Indiana Judicial Branch, https://www.in.gov/judiciary/iocs/2396.htm (stating that the Civil Instructions Committee is responsible for drafting and publishing the Indiana civil pattern jury instructions); Md. Civ. Pattern Jury Instrs., https://www.msba.org/product/cpji-civil-fifth-edition-with-2019 (stating that the Maryland State Bar Association's Standing Committee on Pattern Instructions is responsible for the Maryland civil pattern jury instructions); Md.

Crim. Pattern Jury Instrs., https://www.msba.org/product/cpji-crim-2nd-ed-with-2018-ep (same as to Maryland criminal pattern instructions); Mich. R. Civ. Pro. 2.512(D)(1) (giving the committees on model civil and criminal jury instructions appointed by the Michigan Supreme Court the authority to adopt, amend, and repeal model jury instructions); Montana Criminal Jury Instructions Commission, Intro., https://courts.mt.gov/courts/supreme/boards/crim_jury#81694259-2009-criminal-jury-instructions (stating that the Montana Criminal Jury Instructions Commission adopted the pattern criminal jury instructions); N.H. Crim. Jury Instrs., https://www.nhbar.org/criminal-jury-instructions (stating that the Drafting Committee of the Bar's Task Force on Criminal Jury Instructions drafts and modifies criminal jury instructions); N.J. Model Civ. Jury Charges, General Comments, https://njcourts.gov/attorneys/civilcharges.html (select "General Information") (stating that the New Jersey Supreme Court does not sanction or approve the model civil jury charges prepared and published by the Model Civil Jury Charge Committee); N.C. Pattern Jury Instrs., https://www.sog.unc.edu/resources/microsites/north-carolina-pattern-jury-instructions (explaining that the North Carolina pattern jury instructions are created and compiled by the Pattern Jury Instruction Committee); N.D. Sup. Ct. Admin. R. 23, https://www.ndcourts.gov/legal-resources/rules/ndsupctadminr/23 (creating the North Dakota Pattern Jury Instruction Commission with responsibility for drafting and publishing pattern jury instructions for use in civil and criminal cases); Or. Unif. Civ. Jury Instrs., Users' Guide § 1.1, (explaining that the Oregon State Bar's uniform jury instructions committees update the Oregon uniform civil jury instructions and the Oregon Supreme Court does not preapprove the instructions); Or. Unif. Crim. Jury Instrs., Users' Guide § 1.1 (same as to Oregon criminal instructions); Tenn. Pattern Jury Instrs.-Crim., https://www.tncourts.gov/administration/judicial-resources/pattern-jury-instructions (explaining that the Tennessee Judicial Conference's Pattern Jury Instructions Committee provides the Tennessee pattern jury instructions); Texas Pattern Jury Charges Committees, https://www.texasbar.com/AM/Template.cfm?Section=Consider_a_State_Bar_Committee&Template=/CM/HTMLDisplay.cfm&ContentID=47329 (explaining that the Texas pattern jury instructions are prepared by several pattern jury charges committees that are overseen by the Pattern Jury Charges Oversight Committee); Model Utah Jury Instrs., https://www.utcourts.gov/resources/muji (explaining that the Utah Model Jury Instructions are created by the Utah Civil and Criminal Model Jury Instructions Committee, which is a standing committee of the Utah Judicial Council); Vt. Model Crim. Jury Instrs., About the Instrs., http://vtjuryinstructions.org/?page_id=430 (explaining that the Vermont Model Criminal Jury Instructions, which are sponsored by the Vermont Supreme Court, are developed by a

jury instructions committees plenary authority over their respective standard jury

instructions also is consistent with the procedures for developing and approving for

use the pattern or model jury instructions used in the federal district courts.[8]

committee and are not approved by the Vermont Supreme Court); Model Instrs. from the Vt. Plain English Civ. Jury Instr. Comm., http://www.vtbar.org/ UserFiles/Files/WebPages/Attorney%20Resources/juryinstructions/ civiljuryinstructions/index.htm (explaining that the Vermont Plain English Civil Jury Instruction Committee drafted the Vermont model civil instructions and the model instructions have not been adopted or approved by the Vermont Supreme Court); Wisconsin Judicial Conference, https://wicourts.gov/courts/committees/ judicialconf.htm (explaining that the Wisconsin Judicial Conference's standing jury instruction committees prepare model jury instructions).

8. *See, e.g.*, Model Civ. Jury Instrs., Third Cir., Intro., https://www.ca3.uscourts.gov/model-jury-instructions (explaining that the Third Circuit model civil jury instructions are prepared by the committee on model civil jury instructions and the Court of Appeals did not participate in the drafting of those instructions and has not approved the instructions for use); Model Crim. Jury Instrs., Third Cir., Intro., https://www.ca3.uscourts.gov/model-jury-instructions (same as to Third Circuit criminal instructions); Fifth Cir. Crim. Jury Instrs., Foreword, http://www.lb5.uscourts.gov/juryinstructions (explaining that the Fifth Circuit civil pattern jury instructions are prepared by a pattern jury instructions committee established by the Fifth Circuit District Judges Association); Fifth Cir. Crim. Jury Instrs., Intro., http://www.lb5.uscourts.gov/juryinstructions (same as to Fifth Circuit criminal instructions); Sixth Cir. Pattern Crim. Jury Instrs., Intro., https://www.ca6.uscourts.gov/pattern-jury-instructions (explaining that approval of the content of the pattern criminal jury instructions prepared by the Sixth Circuit Pattern Criminal Jury Instruction Committee "must await a case-by-case review by the Court of Appeals"); Manual of Model Crim. Jury Instrs., Ninth Cir., Intro., http://www3.ce9.uscourts.gov/jury-instructions/model-criminal (explaining that model criminal jury instructions prepared by the Ninth Circuit Jury Instructions Committee are not adopted by the Court of Appeals); Manual of Model Civ. Jury Instrs., Ninth Cir., Intro., http://www3.ce9.uscourts.gov/jury-instructions/model-civil (same as to Ninth Circuit civil instructions); Eleventh Cir. Pattern Jury Instrs., http://www.ca11.uscourts.gov/pattern-jury-instructions (documents recognizing that the Eleventh Circuit's Judicial Council authorizes its Committee on Pattern

## Amendments

Accordingly, the Court adopts new Rule of Judicial Administration 2.270 (Supreme Court Committees on Standard Jury Instructions). Subdivision (a) (Creation and Authority) of the new rule recognizes that the three Supreme Court committees on standard jury instructions were created by this Court to develop new and amended standard jury instructions for use in their respective case types and that those committees are now also authorized to approve for publication and use the instructions they develop. Subdivision (a) also explains that the standard jury instructions approved for publication and use by the committees are not approved or otherwise specifically authorized for use by this Court and that the approval of standard instructions by the committees shall not be construed as an adjudicative determination on the legal correctness of the instructions, which must await an actual case and controversy.

Subdivision (b) (Responsibilities) of new rule 2.270 specifically charges the committees with the responsibility to (1) develop and approve for publication and use new and amended standard jury instructions in response to statutory changes, judicial decisions, or other events that affect the presentation of cases to juries; (2)

---

Jury Instructions to publish civil and criminal pattern jury instructions and that the instructions are not approved by the Court of Appeals except through "case-by-case review").

review the standard jury instructions for errors or inaccuracies and amend the instructions as necessary to correct any errors or inaccuracies found; (3) address specific requests from this Court concerning the need for new or amended standard instructions; (4) consider modified instructions given by a trial court sent to a committee under new Rule of Judicial Administration 2.580 to determine whether amendments to the standard instructions are warranted; and (5) consider changes to the standard instructions suggested by judges, members of the Bar, and other interested persons.

Subdivision (c) (Procedures) of new rule 2.270 contains the procedural requirements that govern the committees' development and approval of standard jury instructions. These include such things as requiring the publishing for comment of all new and amended instructions and substantial revisions to a previously published instruction change, which comments must be considered by the committee before a final vote on the change, and requiring a two-thirds committee vote to approve an instruction change for use. The committees must adopt operating procedures that comply with these requirements.

Under subdivision (d) (Membership and Organization) of new rule 2.270, the Chief Justice of this Court will appoint to each committee up to thirty-three members, who will serve staggered three-year terms. At least one third of the members of each committee must be current or former judges and the remainder of

the members must be attorneys in good standing with The Florida Bar.  A committee member may serve no more than two consecutive three-year terms, unless the Court determines it is in the best interest of the committee for a member to serve additional terms.  The Chief Justice also will appoint the chair and vice chair from among the committee members, each for one-year terms subject to reappointment.

Under subdivision (e) (Staff Support) of new rule 2.270, the staff support for the committees will remain as it currently is, with The Florida Bar providing staff support for the committees on standard jury instructions in civil cases and in contract and business cases and the Office of the States Courts Administrator providing staff support for the committee on standard jury instructions in criminal cases.  Under subdivision (f) (Publication of Approved Instructions) of the new rule, all standard jury instructions approved by the committees must be published on the jury instructions page of this Court's website, which is currently https://jury.flcourts.org.

New Rule of Judicial Administration 2.580 (Standard Jury Instructions) is modeled after existing Florida Rule of Civil Procedure 1.470(b) and Florida Rule of Criminal Procedure 3.985.  Subdivision (a) (Use; Modification) of new rule 2.580 provides that trial judges may use the standard jury instructions on this Court's website to instruct juries to the extent that the instructions are applicable,

unless the trial judge determines that an applicable standard is erroneous or inadequate, in which event the judge shall modify the standard instruction or give another instruction as the trial judge determines to be necessary to accurately and sufficiently instruct the jury. If the judge modifies a standard instruction or gives another instruction, upon timely objection to the instruction, the judge must state on the record or in a separate order the respect in which the judge finds the standard instruction erroneous or inadequate and the legal basis for varying from the standard instruction. Like the existing civil and criminal rules, new rule 2.580 gives similar direction as to recommendations in comments or notes on use accompanying the standard instructions that a certain type of instruction should not be given.

Subdivision (b) (Referral to Committee) of new rule 2.580 requires the party requesting and receiving a modified instruction to send a copy of the modified instruction to the appropriate committee on standard jury instructions, so that the committee can consider the modification to determine whether the standard instruction should be amended. Subdivision (c) (No Supreme Court Approval or Presumption of Correctness) of the new rule explains that the standard jury instructions approved for publication and use by the committees are not approved or otherwise specifically authorized for use by the Supreme Court and that such approval by a committee shall not be construed as an adjudicative determination on

the legal correctness of the instruction. Significantly, that subdivision further explains that standard instructions authorized by this Court prior to the adoption of rule 2.270 shall be treated the same as and given no more deference than instructions approved by a committee under that rule.

Consistent with the adoption of new Rule of Judicial Administration 2.580, Rule of Civil Procedure 1.470(b) (Instructions to Jury) is amended to delete the language now in new rule 2.580 and to provide that the standard jury instructions appearing on the Court's website at https://jury.flcourts.org may be used, as provided in rule 2.580, by the trial court in instructing civil juries. Rule of Criminal Procedure 3.390 (Jury Instructions) is amended to provide similar language concerning the use of standard jury instructions in criminal cases. Rule of Criminal Procedure 3.985 is deleted in its entirety as unnecessary in light of the adoption of new rule 2.580 and the amendment to rule 3.390.

The Court anticipates that these new and amended rules will result in necessary additions and changes to the standard jury instructions being made available to trial judges and the parties in a more timely manner, which in turn will help to ensure that juries are accurately instructed.

Accordingly, the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, and the Florida Rules of Criminal Procedure are amended as reflected in the appendix to this opinion. New language is indicated by

underscoring; deletions are indicated by struck-through type.  The amendments shall become effective April 1, 2020, at 12:01 a.m.  Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[9]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration, Florida Rules of Civil Procedure, and Florida Rules of Criminal Procedure

---

9. The Court welcomes comments from the Court's committees on standard jury instructions and the Florida Bar's Rules of Judicial Administration Committee, Civil Procedure Rules Committee, and Criminal Procedure Rules Committee.  All comments must be filed with the Court on or before May 19, 2020, along with a separate request for oral argument if the person filing the comment wishes to participate in any oral argument which may be held.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Comments filed via the Portal must be submitted in Microsoft Word 97 or higher.  *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017).  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

## APPENDIX

## RULE 1.470.        EXCEPTIONS UNNECESSARY; JURY INSTRUCTIONS

(a)     **[No Change]**

(b)     **Instructions to Jury.** The Florida Standard Jury Instructions appearing on the court's website at ~~www.floridasupremecourt.org/jury_instructions.shtml~~https://jury.flcourts.org ~~shall~~may be used, as provided in Florida Rule of Judicial Administration 2.580, by the trial judge~~s of this state~~ in instructing the jury in civil actions ~~to the extent that the Standard Jury Instructions are applicable, unless the trial judge determines that an applicable Standard Jury Instruction is erroneous or inadequate. If the trial judge modifies a Standard Jury Instruction or gives such other instruction as the judge determines necessary to accurately and sufficiently instruct the jury, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis for varying from the Standard Jury Instruction. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge shall follow the recommendation unless the judge determines that the giving of such an instruction is necessary to accurately and sufficiently instruct the jury, in which event the judge shall give such instruction as the judge deems appropriate and necessary. If the trial judge does not follow such a recommendation of the Florida Standard Jury Instructions, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis of the determination that such instruction is necessary.~~ Not later than at the close of the evidence, the parties shall file written requests that the court instruct the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the instructions to be given. At such conference, all objections shall be made and ruled upon and the court shall inform counsel of such instructions as it will give. No party may assign as error the giving of any instruction unless that party objects thereto at such time, or the failure to give any instruction unless that party requested the same. The court shall orally instruct the jury before or after the arguments of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. The court shall provide each juror with a written set of the instructions for his or her use in deliberations. The court shall file a copy of such instructions.

**(c)** **[No Change]**

## Committee Notes

### [No Change]

**RULE 2.270.** **SUPREME COURT COMMITTEES ON STANDARD JURY INSTRUCTIONS**

**(a)** **Creation and Authority.** The supreme court created the Supreme Court Committee on Standard Jury Instructions in Civil Cases, the Supreme Court Committee on Standard Jury Instructions in Criminal Cases (with responsibility for the standard jury instructions in criminal and in involuntary civil commitment of sexually violent predator cases and for the grand jury instructions), and the Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases to serve as standing committees responsible for preparing standard jury instructions for use in their respective case types. *See In re Standard Jury Instructions*, 198 So. 2d 319, 320 (Fla. 1967); *In re Standard Jury Instructions in Criminal Cases*, 240 So. 2d 472, 474 (Fla. 1970); *In re Supreme Court Committee on Standard Jury Instruction–Contract and Business Cases*, Fla. Admin. Order No. AOSC06-47 (Sept. 15, 2006). This rule authorizes those committees to develop and approve, by two-thirds vote, new and amended standard jury instructions to be published for use in the committees' respective case types. Standard jury instructions approved for publication and use under this rule are not approved or otherwise specifically authorized for use by the supreme court and their approval under this rule shall not be construed as an adjudicative determination on the legal correctness of the instructions, which must await an actual case and controversy.

**(b)** **Responsibilities.** The standing supreme court committees on standard jury instructions are charged with the following responsibilities:

(1) Developing and approving for publication and use, in the committees' respective case types, new and amended standard jury instructions in response to statutory changes, judicial decisions, or other events that affect the presentation of those case types to juries.

(2) Continuously reviewing the standard jury instructions, in the committees' respective case types, for errors or inaccuracies and amending the instructions as necessary to correct any errors or inaccuracies found.

(3)     Addressing specific requests from the supreme court concerning the need for new or amended standard jury instructions.

(4)     Considering modified instructions given by a trial court sent to a committee as required by rule 2.580 to determine whether amendments to the standard jury instructions are warranted.

(5)     Considering changes to the standard jury instructions suggested to the committee by judges, members of the Bar, and other interested persons.

**(c)     Procedures.** Each committee on standard jury instructions shall adopt operating procedures necessary to carry out its responsibilities. The operating procedures must comply with the following requirements, which shall govern the development and approval of standard jury instructions under this rule:

(1)     All new and amended standard jury instructions being considered by a committee must be published for comment on the jury instructions page of the supreme court's website and in *The Florida Bar News*. The committee must consider all comments received before taking a final vote on the changes.

(2)     If the committee makes substantial revisions to a new or amended instruction that was published for comment, the revisions also must be published for comment in accordance with subdivision (c)(1) of this rule. Minor revisions to a published instruction change may be made without republication.

(3)     A two-thirds committee vote in favor of a new or amended standard instruction is required before an instruction may be considered approved for publication and use.

(4)     The committees may establish subcommittees as necessary to carry out their responsibilities.  However, new or amended standard instructions recommended by a subcommittee must be voted on by the committee before they are considered approved for publication and use.

**(d)     Membership and Organization.**

(1)     Each supreme court committee on standard jury instructions shall be composed of up to 33 members appointed by the chief justice, for staggered three-year terms, as follows:

(A)     The membership of each committee shall include at least one-third current or former district, circuit, or county court judges. The remainder

of the members shall be attorneys who are in good standing with The Florida Bar, with a balance in the various practice areas addressed by the committee to which the attorney members are being appointed.

(B)     a committee member may serve no more than two consecutive three-year terms, unless the supreme court determines it is in the best interest of the committee for a member to serve additional terms.

(C)     The chief justice shall appoint 1 member of each committee to serve as chair and 1 member to serve as vice-chair, each for a one-year term subject to reappointment.

**(e)     Staff Support.**

**(1)     The Florida Bar.** The Florida Bar will provide staff support for the Supreme Court Committee on Standard Jury Instructions in Civil Cases and the Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases.

**(2)     The Office of the State Courts Administrator.** The Office of the State Courts Administrator will provide staff support for the Supreme Court Committee on Standard Jury Instructions in Criminal Cases.

**(f)     Publication of Approved Instructions.**  All standard jury instructions approved for publication and use under this rule shall be published on the jury instructions page of the supreme court's website at https://jury.flcourts.org.


**RULE 2.580.     STANDARD JURY INSTRUCTIONS**

**(a)     Use; Modification.** The standard jury instructions appearing on the supreme court's website at https://jury.flcourts.org may be used by trial judges in instructing the jury in every trial to the extent that the instructions are applicable, unless the trial judge determines that an applicable standard jury instruction is erroneous or inadequate, in which event the judge shall modify the standard instruction or give such other instruction as the trial judge determines to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case. If the trial judge modifies a standard jury instruction or gives another instruction, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard instruction erroneous or inadequate and the legal basis for varying from the standard instruction. Similarly, in all circumstances in which the comments or

notes on use accompanying the standard jury instructions contain a recommendation that a certain type of instruction not be given, the trial judge may follow the recommendation unless the judge determines that the giving of such an instruction is necessary to instruct the jury accurately and sufficiently, in which event the judge shall give such instruction as the judge deems appropriate and necessary. If the trial judge does not follow such a recommendation, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis of the determination that the instruction is necessary.

**(b)** **Referral to Committee.** The party requesting and receiving a modified instruction shall send a copy of the modified instruction to the appropriate committee on standard jury instructions under rule 2.270, so that the committee can consider the modification to determine whether the standard instruction should be amended.

**(c)** **No Supreme Court Approval or Presumption of Correctness.** The standard jury instructions approved for publication and use under rule 2.270 are not approved or otherwise specifically authorized for use by the supreme court. The approval of a standard jury instruction under that rule shall not be construed as an adjudicative determination on the legal correctness of the instruction. Standard instructions authorized for use by the supreme court prior to the adoption of rule 2.270 shall be treated the same as and given no more deference than instructions approved for use under that rule.

## RULE 3.390. JURY INSTRUCTIONS

**(a)** **Subject of Instructions.** The Florida Standard Jury Instructions in Criminal Cases appearing on the court's website at https://jury.flcourts.org may be used, as provided in Florida Rule of Judicial Administration 2.580, by the presiding judge in instructing the jury in a criminal case. The presiding judge shall instruct the jury only on the law of the case before or after the argument of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial**.**

**(b) – (e)** **[No Change]**

**Committee Notes**

**[No Change]**

## RULE 3.985. ~~STANDARD JURY INSTRUCTIONS~~

~~The forms of Florida Standard Jury Instructions in Criminal Cases appearing on the court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml may be used by the trial judges of this state in charging the jury in every criminal case to the extent that the forms are applicable, unless the trial judge shall determine that an applicable form of instruction is erroneous or inadequate, in which event the judge shall modify or amend the form or give such other instruction as the trial judge shall determine to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate and the legal basis of the judge's finding. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions in Criminal Cases contain a recommendation that a certain type of instruction not be given, the trial judge may follow the recommendation unless the judge shall determine that the giving of such an instruction is necessary to instruct the jury accurately and sufficiently, in which event the judge shall give such instruction as the judge shall deem appropriate and necessary; and, in such event, the trial judge shall state on the record or in a separate order the legal basis of the determination that the instruction is necessary.~~

~~**Committee Notes**~~

~~**1972 Amendment.** Same as prior rule.~~